

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.J., a minor, by and through her guardian ad litem, Rhianna Johnson, et al., | Case No.: 23-cv-01662-TWR-JLB |
| Plaintiffs, | **[REDACTED]** |
| v. | **REPORT AND RECOMMENDATION RE: JOINT MOTION FOR REVIEW AND APPROVAL OF MINOR'S COMPROMISE** |
| AMAZON.COM, INC., | |
| Defendant. | |
| | **[ECF Nos. 34; 36]** |

Before the Court is the parties' Joint Motion for Review and Approval of Minor's Compromise ("Motion for Approval"). (ECF Nos. 34 (public); 36 (sealed).) The Court ordered supplemental briefing, which Plaintiffs submitted on October 15, 2024. (ECF No. 42.) This Report and Recommendation is submitted to the Honorable Todd W. Robinson, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Motion for Approval and all supporting documents, and for the reasons discussed

1

below, the Court **RECOMMENDS** that Judge Robinson **GRANT** the Motion for Approval as set forth below.

## I.    BACKGROUND

Plaintiff L.J. is a minor appearing by and through her court appointed guardians ad litem, Rhianna Johnson and Nick Johnson. (ECF No. 1.)  According to the allegations in the Complaint, on July 25, 2021, eleven-year-old L.J. used the "*Morovan Acrylic Nail Kit with Everything – for beginners Nail Supplies, Gel Nail Polish Kit with UV Light 6W, Glitter Acrylic Powder Monomer UV Gel Acrylic Nails Extension Nail Art Starter Kit*" (the "Product") relying on advertising and reviews that it was safe and for beginners. (*Id*. at 13–14, 22.)  L.J. sustained severe exothermic chemical burns to her buttocks region when the Nail Glue included in the defective product, which contained a powerful adhesive known as "cyanoacrylate," spilled onto her thighs, pooling underneath her buttocks and interacting with her bathing suit bottoms. (*Id*. at 10.)  She endured excruciating pain and received emergency treatment, including undergoing multiple surgical procedures. (*Id*. at 22, 24–25.)  While her wounds have healed, L.J. has substantial visible scarring and sensitivity. (*Id*. at 24–25.)  She continues to suffer from the emotional trauma of the incident. (*Id*.)

On July 14, 2023, Plaintiffs commenced this action against Defendant Amazon.com, Inc. ("Amazon") in California Superior Court alleging negligent product liability, strict liability, and negligent infliction of emotional distress. (*Id*. at 9–33.)  On September 8, 2023, Defendant Amazon removed the action to federal court on the basis of diversity jurisdiction. (ECF No. 1 at 1–6.)  The undersigned judge held an Early Neutral Evaluation and Case Management Conference on November 9, 2023. (ECF No. 11.)  The case did not settle, and a scheduling order was issued. (*Id.*; ECF No. 12.)  On June 24, 2024, the parties filed a Notice of Settlement in Principle, informing the Court that they were in the process of drafting and executing the formal settlement agreement, minor's compromise, and related dismissal papers. (ECF No. 23.)  On September 17, 2024, the parties filed a Joint Motion for Review and Approval of Minor's Compromise. (ECF

Nos. 34; 36.)  A Declaration by attorney Elliot Jung in support of the Motion for Approval was included.  (ECF Nos. 34-2 at 1–6; 36 at 10–15.)  Plaintiffs' counsel submitted a Supplemental Pleading In Support of Joint Motion for Review and Approval of Minor's Compromise ("Supplemental Brief") on October 15, 2024.  (ECF No. 42.)  The Supplemental Brief included another Declaration by Elliot Jung ("Jung Declaration") in support of the Motion for Approval.  (ECF No. 42-1 at 1–6.)  A Hearing on the Motion for Approval was held before the undersigned judge on November 7, 2024.  (ECF No. 45.)

## II.    LEGAL STANDARD

District courts have "a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. P. 17(c)(2) ("The court must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.")).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

Local Rule 17.1 mandates that "[n]o action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."  CivLR 17.1.a.  The court is required to determine whether the settlement is in the best interests of the minor, considering not only the fairness of the settlement, but also the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor.  *See* CivLR 17.1.b.

In the Ninth Circuit, courts reviewing the settlement of a minor's federal claims should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

"In considering the fairness of a minor's state law settlement, federal courts generally require that claims by minors . . . be settled in accordance with the applicable state law." *Lobaton v. City of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (internal quotation marks and citation omitted). California law requires court approval of a settlement for a minor and attorney's fees to represent a minor. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Under California state law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether it is in the best interest of the minor. *Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619-20 (2008). Furthermore, California Probate Code Section 3601 authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, medical or otherwise[,] . . . and including . . . costs, and attorneys fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor." Cal. Prob. Code § 3601 (a). This "bestows broad power on the court to authorize payment from the settlement— to say who and what will be paid from the minor's money— as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

Here, the initial complaint was filed in the San Diego Superior Court alleging California state law claims. (ECF No. 1). The Court, therefore, will apply California law and focus on whether "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg*, 23 Cal. App. 4th at 1382. The Court will also consider the *Robidoux* "framework for evaluating the reasonableness and fairness of Plaintiff's settlement." *Lobaton*, 2017 WL 2610038, at *2.

## III. DISCUSSION

To fulfill the special duty of the court to safeguard the interests of minors in the context of settlements proposed in a civil suit, the Court will analyze the proposed settlement, the method of disbursing the minor Plaintiff's net recovery, and the amount of attorney's fees and costs.

### A. Proposed Net Settlement Amount for Plaintiff

As set forth in the Motion for Approval, the total settlement amount is $████. (ECF Nos. 34 at 3–4; 36 at 3–4.) From that amount come the following: $████ for medical expenses to be reimbursed to Kaiser Foundation Health Plan; $████ for attorney's fees; and $████ for litigation costs. (*Id.*) The total of the fees and expenses to be paid from the proceeds is $████. (*Id.*) The balance to the minor Plaintiff is $████. (*Id.*) That amount is to be invested in a single-premium deferred annuity with Pacific Life Insurance Company. (ECF Nos. 34-1 at 1–3; 36 at 7–9)

Minor Plaintiff's net recovery reflects fair compensation for her alleged damages. *Cf. E.C., et al. v. Lincoln Mil. Prop. Mgmt. LP, et al.,* No. 3:21-cv-02070-JES-BLM, 2023 WL 5055474, at *1–2 (S.D. Cal. Aug. 8, 2023) (granting motion to confirm minor's compromise in a personal injury case where the minor Plaintiff severely burned her buttocks and genitals, approving proposed settlement of $400,000 with $200,000 gross amount being allocated to the minor specifically); Order Granting Unopposed Ex Parte Mot. to Confirm Pl. V.B.'s Minor's Compromise at 2, *E.C., et al. v. Lincoln Mil. Prop. Mgmt. LP, et al.,* No. 3:21-cv-02070-JES-BLM (S.D. Cal. Aug. 1, 2023), ECF No. 82 (granting motion to confirm minor's compromise in a personal injury case where the minor

Plaintiff's right lower leg and foot was severely burned, approving proposed settlement of $540,000 with $270,000 gross amount apportioned to the minor specifically); *Shen by & through Brewster v. Club Med SAS*, No. 3:19-cv-00349-BEN-BGS, 2019 WL 6907803, at *1–2 (S.D. Cal. Dec. 19, 2019), *report and recommendation adopted*, No. 3:19-cv-00349-BEN-BGS, 2019 WL 7343479, at *1–2 (S.D. Cal. Dec. 31, 2019) (approving settlement of $500,000 with the minor Plaintiff receiving $299,707.18 after attorney's fees and costs in a case alleging negligence-based personal injury claims related to a nondisplaced frontal skull fracture that left a prominent scar). Plaintiff L.J. endured what was described as excruciating pain, multiple surgical procedures, visible permanent scarring and sensitivity, as well as emotional distress. (ECF No. 1 at 23–25.) The proposed settlement provides Plaintiff L.J. with significant compensation on par with her injuries. It also allows for the certainty of recovery for the minor Plaintiff, and eliminates the expense and risks of trial. Accordingly, based upon a consideration of the facts, minor Plaintiff's claims, and the risks associated with trial, the Court concludes the proposed settlement is fair and reasonable under California and federal law standards.

## B.    Method of Disbursement

"Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1.b.1. California law provides for a wide variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code §§ 3610 ("When money or other property is to be paid or delivered for the benefit of a minor . . . under a compromise, covenant, order or judgment, and there is no guardianship of the estate of the minor . . ., the remaining balance of the money and other property (after payment of all expenses, costs, and fees as approved and allowed by the court under Section 3601) shall be paid, delivered, deposited, or invested as provided in this article."); 3611 (listing disbursement methods).

Here, the parties propose the $████ be invested in a single-premium deferred annuity. (ECF Nos. 34 at 4; 36 at 4.) The Court finds the proposed procedure for

disposition of the funds consistent with the California Probate Code, because minor Plaintiff's $███████ will be "deposited in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court" until Plaintiff turns 18 years old. *See* Cal. Prob. Code § 3611(b). This would provide the minor Plaintiff guaranteed lump sum payments of ██████ at ████████████, ██████ at ████████, $███████ at ██████, and $████████ at ██████. (ECF Nos. 34-1 at 1; 36 at 7.) The terms of the annuity protect Plaintiff L.J. as no disbursements will be made while Plaintiff is a minor without court approval and the schedule of distributions provides for significant payments at milestone periods between young adulthood and ██████. *See, e.g., E.S. v. City of Visalia*, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6697927, at *3 (E.D. Cal. Nov. 3, 2015) (noting that periodic payments are helpful to avoid potential loss from a lump sum payment when the minor reaches eighteen), *report and recommendation adopted by* 2015 WL 13215675 (E.D. Cal. Nov. 20, 2015). The Court finds the method of disbursement reasonable and within the bounds of applicable law. *See* Cal. Prob. Code § 3602(c)(1) (providing an option that funds be deposited into a single-premium deferred annuity.)

## C.    Attorney's Fees and Costs

For federal claims, the Ninth Circuit has ruled that a district court should only consider "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011) ("Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard."); *but see id.* at 1179, n.2 ("Our holding is limited to cases involving the settlement of a minor's federal claims. We do not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims."). District courts are split on whether the Ninth Circuit's *Robidoux* standard applies to the evaluation of a minor's compromise regarding exclusively state law

claims. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2, n.1 (S.D. Cal. Feb. 4, 2020) (collecting cases).

For district courts applying California law, "[i]n contingency fee cases, attorneys' fees for representing a minor historically have been limited to 25% of the gross recovery." *Clines v. Cnty. of San Diego*, No. 3:20-cv-02504-W-BLM, 2022 WL 16851818, at *3 (S.D. Cal. Nov. 10, 2022), *report and recommendation adopted sub nom. K.C.A. by and through Purvis v. Cnty. of San Diego*, No. 3:20-cv-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022) (collecting cases); *E.C. by and through Caraballo v. Lincoln Mil. Prop. Mgt. LP*, No. 3:21-cv-2070-JES-BLM, 2023 WL 5055474, at *3 (S.D. Cal. Aug. 8, 2023) (collecting cases); *S.G.P. v. Tehachapi Unified Sch. Dist.*, No. 1:22-cv-01066-ADA-BAK, 2022 WL 4450750, at *9 (E.D. Cal. Sept. 23, 2022), *report and recommendation adopted sub nom. S.G.P. v. Turlock Unified Sch. Dist.*, No. 1:22-cv-01066-ADA-CDB, 2022 WL 17406537 (E.D. Cal. Dec. 2, 2022) ("Attorneys' fees in the amount of twenty-five percent (25%) are the typical benchmark in contingency cases for minors."). "'[M]ost courts require a showing of good cause to award more than 25% of any recovery' and such an award is 'rare and justified only when counsel proves that he or she provided extraordinary services.'" *Clines*, 2022 WL 16851818, at *3 (quoting *Schwall v. Meadow Wood Apts.*, 2008 WL 552432, at *1–2 (E.D. Cal. Feb. 27, 2008)).

In evaluating good cause, Courts may consider factors such as the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skill required to perform the legal services; the amount involved and the results obtained; the experience and ability of the attorney; the time and labor required; the informed consent of the representative of the minor; and the risk of loss borne and amount of costs advanced by the attorney if the fee is contingent. *See* Cal. Rule of Ct. 7.955(b).

Here, Plaintiffs' attorneys are seeking 40% of the gross settlement amount, which exceeds historical limits allowing 25% of the gross recovery for cases involving minors. Accordingly, Plaintiffs' counsel must provide good cause for their request. In response to

the Court's supplemental briefing order, Plaintiffs' counsel addressed why a higher percentage is warranted in this case. (*See* ECF No. 42.) Plaintiffs' counsel state that the amount is reasonable in light of the novelty and difficulty of the questions involved which required uniquely experienced attorneys knowledgeable in the field of products liability. (ECF Nos. 42 at 5–6; 34-2 at ¶¶ 5–6; 36 at 11–12.) Counsel highlights their previous experience with similar cases, as well as attorney Jillian Hayes' key role as the lead attorney in the seminal products liability case against Defendant, *Bolger v. Amazon.com, LLC*, 53 Cal. App. 5th 431 (2020). (*Id*.) Plaintiffs' counsel approximated the time expended to obtain a favorable outcome for the minor as "no less than 200–300 hours" during which they prepared a 23-page Complaint and 22-page mediation brief for an eight-hour mediation with Judge Irma Gonzalez (Ret.). (ECF Nos. 42 at 6–7; 34-2 at 3–6; 36 at 12–14.) Plaintiffs' counsel notes that this litigation, which was initiated in October of 2022 in state court, settled after counsel spent substantial time conducting client interviews/communications, investigating the Product, conducting additional research and discovery, preparing for and attending depositions, drafting legal documents, consulting with experts, attending independent medical examinations, attending court hearings, and conducting other case related tasks. (*Id*.)

Additionally, Plaintiffs' counsel points to the fact that Plaintiff Rhianna Johnson signed a contingency fee agreement consenting to the 40% contingency fee, the risk of loss borne by counsel, and the significant costs advanced in prosecuting this action. (ECF No. 42 at 5–7; 42-1 at ¶¶ 3, 6–8.) Counsel argue that they bore the risk of loss and incurred substantial advance costs in order to establish liability through vital expert opinion. (*Id*. at 6–7; *Id*. at ¶ 6.) Counsel adds that if the Court does not find good cause for the requested 40%, they "would not be opposed to reducing the attorneys' fee award to something less than 40% but greater than 25%." (ECF No. 42 at 7.)

The Court notes that counsel expended significant time and resources to obtain a favorable outcome for the minor Plaintiff in an arguably difficult liability case. Counsel bore a risk of loss while advancing substantial costs retaining experts to establish liability.

Furthermore, Plaintiff L.J.'s guardian ad litem signed an agreement consenting to the 40% contingency fee. Accordingly, the Court finds that Plaintiffs' counsel has established good cause for an award higher than the presumptively reasonable 25% of the recovery amount. However, the Court also notes that this case is, at its heart, a relatively straight-forward products liability case. Moreover, the risk to Plaintiff of pursuing a claim against Amazon, as opposed to the manufacturer of the product, was reduced considerably by counsel's earlier legal victory in *Bolger v. Amazon.com, LLC*, 53 Cal. App. 5th 431 (2020). The Court finds that an attorney fee award of 33.33% of the gross settlement is a reasonable amount for counsels' services in this case. *See, e.g., V.C. by & through Anaya v. Hunterwood Techs. USA, Ltd.*, No. 3:21-cv-00888-AJB-LR, 2023 WL 2914284, at *5–6 (S.D. Cal. Apr. 11, 2023), *report and recommendation adopted*, No. 21-cv-00888-AJB-LR, 2023 WL 4047589 (S.D. Cal. Apr. 17, 2023) (finding attorneys' fees of 33.33% reasonable due to the significant time, resources, and advanced costs expended by counsel when the minor plaintiff's guardian ad litem signed a retainer agreement consenting to a 40% contingency fee); *Alter by & through Alter v. Cnty. of San Diego*, No. 3:21-cv-01709-BLM, 2023 WL 4166096, at *5 (S.D. Cal. June 22, 2023) (approving attorney's fees of 33.33% of gross recovery to incompetent adult when the guardian ad litem signed a 40% contingency fee agreement due to the attorneys' experience, length of the litigation, the difficult and complex factual issues raised, and the success achieved).

In addition to attorney's fees, Plaintiffs' counsel sets forth litigation costs of $██████.[1] (ECF Nos. 34 at 4; 36 at 4.) Counsel notes the retention of qualified experts in the field such as chemical expert Robert Wanat, PhD, and Board-Certified Plastic Surgeon Dr. Robert M. Applebaum as accounting for the majority of these costs. (ECF Nos. 34-2 at 4–5; 36 at 13–14.) In addition to expert witness fees, the litigation costs include one-half of the mediation fees for the private mediation and costs of obtaining

---

[1]     The Court notes for purposes of comparison that $██████ represents ██% of the gross settlement amount in this case.

medical records.  (ECF No. 42 at 8.)  Thus, the Court concludes that the costs incurred are fair and reasonable under the circumstances. *See, e.g., Hernandez v. United States*, No. 3:19-cv-1457-AHG, 2020 WL 6044079, at *5 (S.D. Cal. Oct. 13, 2020) (concluding that costs of $49,604.05 were fair and reasonable when compared with a gross settlement amount of $625,000 (7.9% of gross settlement)); *Clines*, 2022 WL 16851818, at *4 (concluding that expert fees and costs of $16,425 of a gross settlement amount of $75,000 (21.9% of gross settlement) were reasonable and "necessary for the successful resolution of the case"); *L.M. by & through Martin v. Kern High Sch. Dist.*, No. 1:17-cv-01123-DAD-JLT, 2019 WL 1099983, at *3 (E.D. Cal. Mar. 8, 2019) (finding litigation costs of $20,811.49 of a $50,000 gross settlement to the minor Plaintiff to be fair and reasonable when utilized for mediation charges, filing fees, costs associated with service of process, witness fees, costs associated with obtaining medical records, as well as court reporter and videographer fees for sixteen depositions).

Finally, the Motion for Approval sets forth $▓▓▓▓▓ in medical expenses that are to be paid from the proceeds of the settlement.  (ECF Nos. 34 at 3–4; 36 at 3–4.)  Payment of such medical expenses from settlement proceeds is permissible. *See* Cal. Prob. Code § 3601 (a) ("authorizing and directing that reasonable expenses, medical or otherwise . . . shall be paid from the money or other property to be paid or delivered for the benefit of the minor. . . .").

## IV.    CONCLUSION

After evaluating the proposed settlement, the Court finds that with an adjustment of attorneys' fees to 33.33%, the settlement is fair, reasonable and in the best interest of the minor Plaintiff under both federal and state law standards.  For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that District Judge Robinson issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING in part** the parties' Motion for Approval (ECF Nos. 34; 36); and (3) approving the proposed settlement **as adjusted** as fair and reasonable.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party to this action may file written objections with the Court and serve a copy on all parties no later than **December 27, 2024**.  The document should be captioned "Objections to Report and Recommendation."[2]  If objections are filed, any reply is due by **January 3, 2025**.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  December 11, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2]      Although the federal statutory scheme provides for a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that Motion for Approval in this case is joint.  Therefore, if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately, to allow the District Judge to adopt this Report and Recommendation without further delay.  However, there shall be no adverse consequences to any party who files objections or otherwise chooses not to waive the objections period.

23-cv-01662-TWR-JLB